■ In the Matter of ANDRY FEDIUK, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of Corrections, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a determination of the Commissioner of Correctional Services finding that petitioner violated certain disciplinary rules.

Petitioner is an inmate at Clinton Correctional Facility serving a life sentence. He was charged with violation of institutional rules 1.00 (Penal Law offenses), 103.20 (soliciting goods without approval), 113.12 (possession or exchange of narcotics), 113.15 (exchange of articles), and 114.10 (smuggling).

The evidence at the ensuing superintendent's proceeding revealed that on two occasions in November, 1983, petitioner signed disbursement forms in the amounts of $15 and $20. The forms then found their way to the institution's finance office which acted as the custodian of petitioner's personal funds. Ostensibly, the forms authorized the finance office to issue checks to two individuals in care of two business places selling electronic tapes. Investigation revealed that the business establishments were fictitious and that the individual payees were relatives of petitioner's fellow inmates who resided at the addresses set forth as the purported places of business.

Confidential information obtained from inmate informants led the hearing officer to conclude that the procedure was a cover to pay outsiders for drugs smuggled into the facility. Two informants, whom the investigator deemed to be completely reliable because of previous investigations, identified petitioner as one of the inmates who had participated in this type of scheme.

At the conclusion of the hearing, the hearing officer found petitioner guilty as charged and imposed sanctions of keeplock and the loss of certain privileges for specified periods of time. Upon appeal, the Commissioner of Correctional Services dismissed the narcotics charge and lessened the sanctions slightly.

Petitioner contends in this proceeding that he was deprived of his due process rights in not being permitted to either confront the investigator witness or read a transcript of his testimony concerning the inmate witnesses. We have read the transcript of the confidential testimony and conclude that to permit disclosure would jeopardize institutional safety and correctional goals. The hearing officer's decision in that regard was in accordance with 7 NYCRR 254.5 and not in violation of petitioner's constitutional rights (*Wolff v McDonnell,* 418 US 539; *Matter of Guzman v Coughlin,* 90 AD2d 666).

The remaining issue is that of substantial evidence. Where a prison inmate is subjected to disciplinary action for the violation of an institutional rule, the determination must be supported by substantial evidence (*Matter of Witherspoon v LeFevre,* 82 AD2d 959, app dsmd 54 NY2d 829). We conclude that there was a rational basis for the decision which was supported by substantial evidence.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.