■ In the Matter of BRIAN SMITH, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination by respondent which found petitioner guilty of violating certain disciplinary rules.

While an inmate at Clinton Correctional Facility, petitioner was accused of breaching institutional rules prohibiting the unauthorized exchange of articles, Penal Law offenses, soliciting goods without approval, possessing or exchanging narcotics, and smuggling. The charges stem from his participation in a drug smuggling operation involving inmate use of fake disbursement and mail order forms to pay for drugs. Operation of the scam is described in *Matter of Fediuk v Coughlin* (106 AD2d 834).

At the Superintendent's hearing, the evidence consisted of testimony from a correction officer (CO) regarding how the scheme worked; that information had been communicated to the CO by unidentified informants. Also introduced into evidence were purchase order and disbursement forms admittedly signed by petitioner and directed to the home of "Madelyn Serrano, c/o Record Store"; she was identified as the sister of another inmate at Clinton.

Petitioner called no witnesses on his behalf, addressed no questions to the CO, and explained only that he thought he was buying discounted tape decks. The hearing officer, disbe-

lieving petitioner, upheld the charges; a penalty of 120 days' keeplock and loss of privileges was imposed. On appeal, the Commissioner of Correctional Services modified the disposition at the Superintendent's hearing by dismissing the charge of possession or exchange of narcotics because of insufficient evidence.

Since "[t]here is no right of confrontation or cross-examination, and consequently no requirement that the disciplinary authority call any adverse witnesses * * * to testify at the hearing" *(Semper v Smith,* 66 NY2d 130, 141) and the failure of the hearing officer to interview the three inmate informers was rationally based on a desire to protect the informers, no constitutional right of petitioner was disregarded. And, unlike *Matter of Alvarado v LeFevre* (111 AD2d 475, 476), petitioner's guilt is not by association, but stems from direct involvement in the deception, as in *Matter of Fediuk v Coughlin (supra),* hence substantial evidence for respondent's determination exists.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.