■ In the Matter of Lenwood Green, Appellant, v Joseph C. Snow, as Superintendent of Mid-Orange Correctional Facility, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered March 11, 1988 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty by a Hearing Officer of violating State-wide inmate rule 106.10, which requires that "All orders of facility personnel will be obeyed promptly and without argument" (7 NYCRR 270.1 [b] [7]), when he refused to comply with direct orders of a correction officer on May 25, 1987 at Mid-Orange Correctional Facility in Orange County. Supreme Court dismissed his CPLR article 78 proceeding to review the determination, in which petitioner contended that sanctions against him were prohibited because he had not received an

inmate rule book upon his entry into the institution (Correction Law § 138 [5]). This argument finds no basis in the record, which shows that he had previously received a copy of the booklet entitled "Standard of Inmate Behavior At All Institutions" upon entry into a correctional facility and subsequently received amendments at another facility. Such booklets state that the rules are applicable to *all* State correctional facilities *(see, Matter of Davis v Coughlin,* 113 AD2d 885). Accordingly, he was properly subjected to discipline for violation of one of these rules *(see, Matter of Taylor v Coughlin,* 135 AD2d 992). We note that petitioner was previously subjected to discipline on December 17, 1981 for failure to obey a direct order, a violation of the same rule as in the instant matter.

Judgment affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.