■ In the Matter of ABBAS A. KALONJI, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Yesawich, Jr., J. Proceeding

pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which placed petitioner in involuntary protective custody.

An involuntary protective custody recommendation, filed by a correction sergeant at Great Meadow Correctional Facility in Washington County, alleged that petitioner, an inmate, conspired to strike the civilian Muslim chaplain. Petitioner successfully appealed this determination on procedural grounds, and a new hearing was ordered. At petitioner's request, the chaplain testified at the second hearing. Petitioner was advised that the Hearing Officer also intended to, and did, question the chaplain in confidence, outside of petitioner's presence. The Hearing Officer, relying upon a second involuntary protective custody recommendation identical to the first and the chaplain's testimony and confidential statement, confirmed the recommendation. This disposition was administratively affirmed. Thereafter, petitioner, arguing that respondents were barred from holding the rehearing and, in the alternative, that the second disposition was not supported by substantial evidence, commenced this CPLR article 78 proceeding.

Supreme Court had authority to determine whether the rehearing was appropriate, for this issue is of the kind which, upon resolution, might have disposed of the case without reaching the merits (see, Matter of Hop-Wah v Coughlin, 118 AD2d 275, 277, revd on other grounds 69 NY2d 791). Moreover, the court quite rightly concluded that the rehearing was proper because the initial determination was reversed, not on the merits, but for a procedural impropriety (see, Matter of Shipman v Coughlin, 98 AD2d 823, 824; see also, Matter of Hartje v Coughlin, 70 NY2d 866, 868).

Regarding petitioner's substantive argument, we note that an inmate who is a threat to institutional safety and security may for good cause be restricted from communication with the general inmate population (see, 7 NYCRR 330.2 [b]), provided there is substantial evidence to support that determination (see, Matter of Blake v Mann, 145 AD2d 699, 701, affd 75 NY2d 742). In his confidential testimony, the chaplain stated that several informants, none of whom were identified, had warned him that petitioner was involved in a plan to attack him. Nothing in the record or in the transcript of the confidential testimony, which we have reviewed in camera, provides any objective basis for concluding that the informants

are believable. Whether they are indeed credible, as the witness maintains, is an assessment to be made by the Hearing Officer, not the witness (see, Matter of Wynter v Jones, 135 AD2d 1032, 1033; see generally, Matter of Laureano v Kuhlman, 75 NY2d 141). There is no reason in the circumstances of this case why the Hearing Officer should not have determined the identity of the informants and interviewed them personally (see, Matter of Wanton v Coughlin, 117 AD2d 376, 377-378; cf., Matter of Gibson v LeFevre, 133 AD2d 978, 979-980). His failure to do so and the fact that the involuntary protective custody recommendation was not authored by one who personally witnessed any potentially dangerous behavior (cf., Matter of Burgos v Coughlin, 108 AD2d 194, 201, lv denied 66 NY2d 603), leave the determination to place petitioner in this status unsupported by substantial evidence.

Determination annulled, without costs, petition granted and respondents are directed to expunge all references to this proceeding from petitioner's files. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.