■ In the Matter of OSCAR MOORE, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Casey, J.

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

The sole issue in this proceeding is whether substantial evidence supports respondents' disciplinary determination. Petitioner was charged with extortion of other inmates, threats of violence and unauthorized exchange of goods. The allegations of these violations were contained in a misbehavior report written by a correction sergeant based on his investigation. After informing petitioner, the Hearing Officer interviewed the correction sergeant confidentially and, citing "institutional safety", denied petitioner access to the transcript of the correction sergeant's testimony and the documentary evidence that he had provided. Petitioner was found guilty of threats and extortion but not guilty of unauthorized exchange. On petitioner's administrative appeal this determination was affirmed.

Determinations based on confidential information present a credibility issue for determination by the Hearing Officer (see, Matter of Burgos v Coughlin, 108 AD2d 194, lv denied 66 NY2d 603). The record must show that the Hearing Officer had a basis from which to make his own independent determination of the confidential informant's credibility (Matter of Wynter v Jones, 135 AD2d 1032); the Hearing Officer may not rely on a third-party's credibility assessment (Matter of Kalonji v Coughlin, 157 AD2d 941). The record reveals that the Hearing Officer here made the required objective analysis and found the confidential information to be concise and credible, and further found sufficient documentation from both inmate and employee sources to substantiate the report. The documentary evidence submitted to this court for in camera review supplies substantial evidence of the charges found against petitioner. This evidence forms a sufficient basis despite the failure of the Hearing Officer to personally interview the informants (see, Matter of Burgos v Coughlin, supra; see also, Matter of Diaz v Coughlin, 134 AD2d 668, 669), particularly since the Hearing Officer's decision not to personally interview the informants was rationally based on a desire to protect the informants (see, Matter of Smith v LeFevre, 116 AD2d 782, 783, lv dismissed 67 NY2d 1029).

We add that the record belies petitioner's claim that the Hearing Officer neither adequately informed petitioner that confidential information would be considered nor articulated

some reason why the evidence could not be disclosed (see, Matter of Boyd v Coughlin, 105 AD2d 532, 533). Petitioner was specifically advised during the hearing and in writing that he would not be given access to the confidential information. Petitioner's claims lack merit and the determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey JJ., concur.