■ In the Matter of FRANCIZCO MACHADO, Petitioner, v ARTHUR LEONARDO, as Superintendent of Great Meadow Correctional Facility, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was served with a misbehavior report charging him with making threats and extortion or attempted extortion based upon confidential information. The report alleged that petitioner was part of an extortion ring in the prison and that he, acting in concert with others, used threats of bodily harm to obtain money from fellow inmates. The report further stated that an inmate had been stabbed by one of petitioner's alleged coconspirators and told that he would be stabbed again if he did not send $150 to an address given to him on a piece of paper.

At the Superintendent's hearing, petitioner claimed that he was innocent of the charges and called as a witness the alleged coconspirator involved in the stabbing, who admitted involvement in the altercation but denied knowing petitioner or having any knowledge of an extortion ring. Correction Officer Dennis Fitzpatrick, who prepared the misbehavior report, testified that he had ascertained information regarding the extortion scheme through an investigation which revealed that petitioner was a participant. Additionally, the Hearing Officer considered a confidential memorandum from Fitzpatrick in which he named the victim of the stabbing, described the victim's account of the circumstances surrounding the

attempted extortion and explained that the victim had identified petitioner as a member of the extortion scheme from a photo array. At the close of the hearing, the Hearing Officer found petitioner guilty of the charges and imposed a penalty. The Hearing Officer's determination was affirmed upon administrative review and this CPLR article 78 proceeding ensued.

Initially, we reject petitioner's contention that the determination is unsupported by substantial evidence because the confidential informant did not testify at the hearing and was not personally interviewed by the Hearing Officer. Where, as here, the determination is based solely on evidence from a witness who did not appear at the hearing, substantial evidence will be found only where the record demonstrates that the Hearing Officer had a basis from which to make his own independent assessment of the confidential informant's credibility (see, Matter of Wynter v Jones, 135 AD2d 1032, 1033; Matter of Alvarado v LeFevre, 111 AD2d 475, 476). In this case, respondent has submitted the confidential memorandum to us for our in camera inspection and we are satisfied that the information contained therein was sufficiently detailed, specific and corroborative in nature to enable the Hearing Officer to make an independent determination of credibility (see, Matter of Moore v Coughlin, 170 AD2d 723, 724; Matter of Harris v Coughlin, 116 AD2d 896, 897, appeal withdrawn 69 NY2d 743; cf., Matter of Wynter v Jones, supra). The memorandum, which was based upon Fitzpatrick's interview with the victim, described the physical altercation and detailed an incident occurring two weeks earlier, in which the victim was surrounded by a group of inmates and threatened with bodily harm if he did not give them money. Fitzpatrick also indicated in the memorandum that the victim named the individual inmates who approached him by nickname and identified petitioner from a photo array presented to him. Finally, an examination of the prison visiting cards by Fitzpatrick revealed that the address the victim said was given to him was actually that of a niece of another inmate. Based upon the foregoing, it is our view that there was substantial evidence to support the determination (see, Matter of Diaz v Coughlin, 134 AD2d 668, 669; Matter of Harris v Coughlin, supra).

Petitioner's remaining arguments do not require extended discussion. We find no merit in petitioner's claim that the Hearing Officer acted unreasonably in refusing to interview or permit the testimony of the victim, as the decision in that regard was rationally based on a desire to maintain the safety of the victim (see, Matter of Moore v Coughlin, 170 AD2d 723,

724, *supra; Matter of Smith v LeFevre,* 116 AD2d 782, 783, *lv dismissed* 67 NY2d 609, 1029). Equally unpersuasive is petitioner's contention that the Hearing Officer was not impartial. Totally absent from the record is any proof tending to show bias or that the outcome of the hearing flowed from the alleged bias *(see, Matter of Nieves v Coughlin,* 157 AD2d 943, 944). As a final matter, the various gaps in the hearing record due to inaudible portions of the tape are not so significant as to preclude meaningful review *(see, Matter of Thomas v Coughlin,* 145 AD2d 695, 696; *Matter of Wynter v Jones,* 135 AD2d 1032, 1034, *supra).*

Weiss, P. J., Mercure and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.