■ In the Matter of JOSEPH HODGES, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, challenges a disposition rendered following a tier III Superintendent's hearing finding him guilty of violating disciplinary rules 100.10 (accessory to assault on inmate) (7 NYCRR 270.2 [B] [1] [i]) and 107.20 (lying) (7 NYCRR 270.2 [B] [8] [iii]) and imposing a penalty of 365 days of confinement to a special housing unit, with concomitant loss of various privileges and good time. The disposition was upheld on administrative appeal, prompting petitioner to initiate this CPLR article 78 proceeding. It is petitioner's contention that substantial evidence is lacking because the Hearing Officer relied upon the statements of a confidential informant whom she did not personally interview.

Although the Hearing Officer did not personally interview the confidential informant, an eyewitness to petitioner's complicity in the assault, but relied instead on the investigating officer's written confidential report and statements regarding

his interview with the informant, the record demonstrates that the Hearing Officer had a sufficient basis to make her own independent assessment of the informant's credibility *(see, Matter of Franklin v Hoke,* 174 AD2d 908). First, the in camera report is specific enough to have enabled the Hearing Officer to confirm the feasibility of the informant's account when she visited the soap factory, the scene of the assault *(cf., Matter of Wynter v Jones,* 135 AD2d 1032, 1033). And from her extensive questioning of the investigating officer, she also determined that the informant had not been coerced into making the statement or promised anything in return.

Furthermore, the Hearing Officer received evidence that petitioner changed his story regarding the day in question three times. In a taped interview with the investigating officer, petitioner initially denied seeing the alleged assailant, inmate Eleby, following the assault. However, when the investigating officer advised him that a confidential informant had assertedly seen Eleby go directly from the scene of the assault to the tool room door and hand a metal object to petitioner who was working as the tool room clerk, petitioner said that Eleby had come to the tool room after the assault to hand him a candy bar for safekeeping. Then, at the hearing, petitioner testified that Eleby had given him the candy bar before the assault occurred. Significantly, when the Hearing Officer (as had the investigating officer) asked Eleby if he had given petitioner anything at all on the day of the assault, he said no.

Petitioner also admitted that at about the time of the assault he had mistakenly logged in a barrel opener as a box stapler. There was evidence, however, that a barrel opener had not been returned as recorded in the tool room log maintained solely by petitioner, but rather was returned within five minutes after the assault occurred. The Hearing Officer, who personally examined the barrel opener and the photographs of the victim's wounds, concluded that the barrel opener had been the assault weapon. Given the foregoing, we are of the view that although the Hearing Officer decided not to personally interview the informant because to do so would violate a promise made to him and would jeopardize his safety *(see, Matter of Moore v Coughlin,* 170 AD2d 723, 724), she did undertake an independent assessment sufficient to assure herself both of the informant's credibility and the reliability of his information *(cf., Matter of Kalonji v Coughlin,* 157 AD2d 941, 942-943; *Matter of Nelson v Coughlin,* 148 AD2d 779, 780). Accordingly, the informant's statement, in conjunc-

tion with the misbehavior report, the witness testimony and the tool log, provides substantial evidence to warrant finding petitioner guilty.

Weiss, P. J., Mikoll and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.