■ In the Matter of SAMUEL HUGGINS, Petitioner, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, Respondent.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, currently an inmate at Auburn Correctional Facility in Cayuga County, challenges a tier III Superintendent's hearing disposition, upheld on administrative appeal, which found him guilty of violating prison disciplinary rules 100.11 (assault on staff), 104.10 (rioting) and 104.11 (violent conduct) while he was at Elmira Correctional Facility in Chemung County and imposed a penalty of 730 days' confinement to the special housing unit with loss of privileges, and the loss of two years of good time. The inmate misbehavior report written by Correction Lieutenant J. Skinner, which charged petitioner with striking a correction officer while the latter sought to quell a disturbance in the facility's field house, was based on information relayed to Skinner by Correction Officer James Doland obtained by him in the course of a casual conversation he had with an unnamed inmate at the Elmira facility. After first privately interviewing Doland, the Hearing Officer then permitted petitioner to examine him; the inmate informant's identity, however, and the details of his conversation with Doland were kept confidential. According to the Hearing Officer's written disposition, petitioner was found guilty "[b]ased on confidential information gathered from a confidential source".

In this CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (g), petitioner seeks to have the Hearing Officer's determination and respondent's affirmance thereof annulled and all references to the Superintendent's hearing expunged from his institutional records. His contention that the Hearing Officer's determination is not based on substantial evidence has merit.

An inmate disciplinary determination based solely on evidence furnished by an informant who does not appear at the disciplinary hearing and who is not personally interviewed by the Hearing Officer cannot stand unless the record shows that the Hearing Officer had a basis upon which to make an independent determination that the informant is credible (*Matter of Wynter v Jones*, 135 AD2d 1032, 1033; *Matter of Alvarado v LeFevre*, 111 AD2d 475, 476). In arriving at such a determination, the Hearing Officer may not rely solely on another's assessment of the witness's credibility (*Matter of Moore v Coughlin*, 170 AD2d 723, 724) or on the third party's testimony that the confidential informant has proven reliable in the past (*Matter of Rosario v Selsky*, 169 AD2d 955).

Here, the record and the transcript of the Hearing Officer's confidential conversation with Doland do not provide an objective basis from which the Hearing Officer could independently conclude that the informant was believable (*see, Matter of Kalonji v Coughlin*, 157 AD2d 941, 942-943; *cf., Matter of Laureano v Kuhlmann*, 75 NY2d 141, 148-149; *Matter of Hodges v Coughlin*, 180 AD2d 942). The confidential information was the product of a "casual conversation" with an inmate whose reason or motive for speaking out does not appear. More importantly, Doland's description of that conversation lacked specificity and detail (*cf., Matter of Franklin v Hoke*, 174 AD2d 908; *Matter of Harris v Coughlin*, 116 AD2d 896, 897, *lv denied* 67 NY2d 610, 1047). And the fact that the Hearing Officer recites in his written disposition that he "interviewed the officer [Doland] who supplied the confidential information and established the sources *[sic]* reliability and credibility as he has supplied reliable and factual information in the past" is an ambiguous statement at best in that it leaves to surmise whether the Hearing Officer independently established the source's trustworthiness or simply relied upon Doland's assessment in that regard. That the Hearing Officer referred several times during the hearing to the fact that he was aware of his obligation to make an independent evaluation of the informant's reliability and credibility does not, in the absence of any evidence in the record that he did so,

warrant concluding that he actually made such an assessment. Moreover, the Hearing Officer gave no reason for his failure to interview the informant personally *(cf., Matter of Gibson v LeFevre,* 133 AD2d 978, 980).

Given the result we have reached, it is not necessary to consider petitioner's other arguments.

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's files.