■ In the Matter of RICKY RICHARDSON, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner argues that the determination of respondent Commissioner of Correctional Services is not supported by substantial evidence because the Hearing Officer relied upon a misbehavior report and information obtained from confidential informants whom he had not personally interviewed. We disagree. Respondents have submitted a transcript of an in camera interview of the correction officer who investigated the incident in which the correction officer names the four informants and relates that all four were eyewitnesses to the incident and identified petitioner as the assailant either by name or description. In addition, the transcript establishes

that all the informants were interviewed separately with little or no opportunity to talk with each other, minimizing the chance that they had harmonized their stories, and each informant additionally identified petitioner from a photo array. The informants' information was corroborated to the extent that a frisk of the company of inmates present at the time of the incident, which included petitioner, resulted in discovery on the floor of the weapon used in the attack and revealed that petitioner was one of the inmates with blood on their clothes and hands. We find, on this record, that the Hearing Officer had a sufficient basis to make his own independent determination of the credibility of the informants *(see, Matter of Hodges v Coughlin,* 180 AD2d 942; *Matter of Machado v Leonardo,* 180 AD2d 936). The determination was therefore supported by substantial evidence. We also find that the Hearing Officer's determination on the record not to personally interview the confidential informants was rationally based upon a desire to protect the informants *(see, Matter of Machado v Leonardo, supra; Matter of Moore v Coughlin,* 170 AD2d 723; *Matter of Gibson v LeFevre,* 133 AD2d 978).

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.