■ In the Matter of NELSON BURGOS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

We reject petitioner's contention that the Hearing Officer erred in not personally interviewing the confidential informant who was an eyewitness to the incident. Although the Hearing Officer relied on the investigating officer's written confidential report and testimony regarding the officer's interview with the informant, the record shows that the Hearing Officer had a sufficient basis to make his own independent assessment of the informant's credibility *(see, Matter of Hodges v Coughlin,* 180 AD2d 942). The information given by

the officer was sufficiently detailed and specific to provide an objective basis for concluding that the informant was believable *(cf., Matter of Huggins v Coughlin,* 184 AD2d 823; *Matter of Kalonji v Coughlin,* 157 AD2d 941). The confidential transcript demonstrates that the Hearing Officer independently established the informant's trustworthiness and did not simply rely on the investigating officer's assessment of reliability *(cf., Matter of Huggins v Coughlin, supra).* The Hearing Officer's decision not to interview the informant was also rationally based on the informant's fear of retaliation *(see, Matter of Moore v Coughlin,* 170 AD2d 723).

In addition, respondent's determination was not based solely on the information provided by the informant *(cf., supra; see, Matter of Ruiz v Coughlin,* 184 AD2d 818). The paper and tape found on petitioner matched the paper and tape affixed to the can-top weapon found in the vicinity of the incident. The Hearing Officer personally examined this evidence *(see, Matter of Hodges v Coughlin, supra).* The evidence relied upon included the confidential information, the misbehavior reports and physical evidence, as well as the testimony at the hearing. This constituted substantial evidence to support the finding of guilt *(see, supra).* Petitioner's remaining contentions have been considered and found unpersuasive.

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.