■ In the Matter of JOHN GIAKOUMELOS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. [597 NYS2d 232] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty after a Superintendent's hearing of violating a prison disciplinary rule prohibiting conspiring to escape. Initially, we find that petitioner waived any argument that the Hearing Officer was biased because he had previously interviewed him in an administrative segregation proceeding by failing to object on that ground during the hearing *(see, Matter of Blackshear v Coughlin,* 185 AD2d 493; *Matter of McClean v LeFevre,* 142 AD2d 911). In any event, the Hearing Officer's interview of petitioner in that proceeding did not constitute an investigation of the incident at issue so as to preclude him from presiding at petitioner's Superintendent's hearing *(see,* 7 NYCRR 254.1; *Matter of Blackshear v Coughlin, supra; Matter of O'Neal v Coughlin,* 162 AD2d 826).

We also reject petitioner's contention that he was denied access to an unusual incident report. Petitioner has produced no evidence beyond his own speculation to refute testimony at the hearing that no written report of the incident existed. Further, review of the Hearing Officer's confidential interview with the investigating officer demonstrates that the Hearing Officer was provided with information that was sufficiently detailed and specific so that he could independently assess the informant's reliability *(see, Matter of Hodges v Coughlin,* 180 AD2d 942; *Matter of Kalonji v Coughlin,* 157 AD2d 941) and reveals a rational basis for his determination that the informant, as well as the alleged coconspirators, could not be called as witnesses for security reasons *(see, Matter of Machado v Leonardo,* 180 AD2d 936). The same interview establishes that the denial of petitioner's request to review physical evidence and the photographic array viewed by the informant was also

rationally based upon security reasons *(cf., Matter of Rosario v Selsky,* 169 AD2d 955).

Finally, we find no prejudicial error in the failure of the Hearing Officer to disclose to petitioner the existence of two photographs of a confiscated cloth that were relayed to the Hearing Officer by correctional authorities. Nothing in the record indicates that the photographs were relied upon in making the determination *(see, Matter of Williams v Coughlin,* 190 AD2d 883; *Matter of Burnell v Coughlin,* 177 AD2d 1061; *Matter of Rodriguez v Coughlin,* 167 AD2d 671) and it has not been demonstrated that they would have had a significant bearing on petitioner's defense *(cf., Matter of Taylor v Coughlin,* 190 AD2d 900). We have considered petitioner's remaining contentions and find them to be without merit.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.