■ In the Matter of JOHN C. SCIBILIA, Respondent, v EDWARD V. REGAN, as Comptroller of the State of New York and Administrator of the New York State and Local Employees' Retirement System, Appellant. [605 NYS2d 444] —Mercure, J. Appeal from an order of the Supreme Court (Keegan, J.), entered January 28, 1993 in Albany County, which granted petitioner's application pursuant to CPLR 8601 for an award of counsel fees.

Respondent issued a determination denying petitioner's application for accidental disability retirement benefits on the basis that petitioner's injury was not a result of an accident as contemplated by Retirement and Social Security Law § 63. Petitioner thereafter commenced a CPLR article 78 proceeding challenging respondent's determination. Because the only issue raised in the petition was whether there was substantial evidence to support respondent's determination, the proceeding was transferred to this Court. By a divided panel, this Court annulled respondent's determination and granted the petition (183 AD2d 1096, *lv denied* 80 NY2d 759).

On June 11, 1992, petitioner made a motion in this Court for counsel fees pursuant to CPLR 8601. By order dated September 8, 1992, we denied petitioner's motion without prejudice to application in the court of original instance. Petitioner then made a motion for counsel fees in Supreme Court by papers served upon respondent on November 4, 1992. Supreme Court found that (1) the motion was timely because it was made within 30 days of entry of judgment in this Court and (2) respondent's position that petitioner's back injury was not the result of an accident within the meaning of Retirement and Social Security Law § 63 was without substantial justification. Supreme Court awarded counsel fees to petitioner in the amount of $6,827. Respondent appeals.

We reverse. The New York State Equal Access to Justice Act (CPLR 8600), modeled after the Federal statute *(see,* 28 USC § 2412 [d]), authorizes the recovery of counsel fees in certain actions against the State "unless the court finds that the position of the state [is] *substantially justified* or that special circumstances make an award unjust" (CPLR 8601 [a] [emphasis supplied]; *see, Matter of Simpkins v Riley,* 193 AD2d

1009). Whether the position of the State was substantially justified shall be determined solely on the basis of the record before the agency whose act gave rise to the civil litigation *(see,* CPLR 8601 [a]). The phrase "substantially justified" has been interpreted as "justified to a degree that could satisfy a reasonable person [or having a] 'reasonable basis both in law and fact' " *(Pierce v Underwood,* 487 US 552, 565). It is also noted that, because it shifts to the State the obligation for the payment of counsel fees in limited circumstances, CPLR article 86 is in derogation of the common law and thus is to be strictly construed *(Matter of Peck v New York State Div. of Hous. & Community Renewal,* 188 AD2d 327).

Applying the foregoing principles and assuming without deciding that the motion for counsel fees was timely, it is our view that Supreme Court abused its discretion in concluding that respondent's position was without substantial justification. Although the determination that petitioner's injury emanated from an accident was supported by petitioner's testimony that his injury occurred when he "felt something pull" as he "grabbed" the voting machine as it was tipping over, other portions of his testimony supported respondent's finding of no accidental injury *(see, Matter of Scibilia v Regan, supra,* at 1098 [Levine, J., dissenting]). For example, petitioner testified that it was the act of lifting the machine that caused the injury to his back. Petitioner also stated in his application for accidental disability retirement benefits that he hurt his back when he lifted a voting machine.

The question of whether the findings of fact are supported by substantial evidence is usually not entirely free from doubt because of conflicting evidence in the record *(see, San Filippo v Secretary of Health & Human Servs.,* 564 F Supp 173, 174). Respondent's attempt to sustain the administrative decision may therefore be reasonable even if this Court ultimately determines that the decision was not supported by substantial evidence *(see, supra).* We conclude here, on the basis of the administrative record, that "respondent's position was substantially justified even though it was not correct" *(Bio-Tech Mills v Jorling,* 152 Misc 2d 619, 621; *see, Pierce v Underwood, supra,* at 566, n 2).

Mikoll, J. P., Yesawich Jr. and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petitioner's application denied.