■ In the Matter of HENRY SANTOS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [608 NYS2d 337] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Wallkill Correctional Facility in Ulster County, was found guilty of violating several prison disciplinary rules, including those concerning arson and destruction of property as a result of several fires set in other inmates' cells. The only evidence connecting petitioner to the fires was provided by the facility's Superintendent, who testified about information given to him by a confidential informant. The informant did not appear at the hearing and was not interviewed by the Hearing Officer. In these circum-

stances, the Hearing Officer was required to make an independent determination that the informant is credible, and in so doing the Hearing Officer could not rely solely on the Superintendent's assessment of the informant's credibility or on the Superintendent's testimony that the confidential informant had proven reliable in the past *(see, Matter of Huggins v Coughlin,* 184 AD2d 823, 824). The petition in this proceeding contains a paragraph which alleges that the Hearing Officer relied on the Superintendent's assessment of the informant's credibility and reliability, and respondents' answer admits the allegation. Moreover, on the issue of the informant's credibility, the Hearing Officer's determination refers only to proof that the informant had been reliable in the past, and the only such proof in the record is the Superintendent's testimony that he had found the informant reliable in the past. We conclude, therefore, that the finding of guilt on the charges arising out of the fires cannot stand.

Respondents point out that the petition refers only to the arson charge and does not specifically challenge the destruction of property charge. The two charges, however, are inextricably intertwined and are both based upon the allegations that petitioner was responsible for fires set in another inmate's cell. The Hearing Officer relied upon the same proof to find petitioner guilty of the two charges. In these circumstances, and in view of the clause in the petition which seeks "such other and further relief as is proper and just", we conclude that the determination should be modified by annulling so much thereof as found petitioner guilty of violating rule 118.10 (arson) and rule 116.13 (destruction of property) *(see,* 7 NYCRR 270.2 [B] [17] [iv]; [19] [i]). Inasmuch as petitioner apparently has been released from custody, the penalty issue is moot.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating prison disciplinary rules 118.10 and 116.13; respondents are directed to expunge all references to those matters from petitioner's files; and, as so modified, confirmed.