■ In the Matter of SAMUEL HUGGINS, Appellant, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, Respondent. [617 NYS2d 989] — Yesawich Jr., J. Appeal from an order of the Supreme Court (Harris, J.), entered June 1, 1993 in Albany County, which denied petitioner's application pursuant to CPLR 8601 for an award of counsel fees.

In a prior proceeding, this Court annulled respondent's determination finding petitioner guilty of violating several prison disciplinary rules *(see, Matter of Huggins v Coughlin,* 184 AD2d 823) and petitioner thereafter moved for an award of counsel fees pursuant to CPLR article 86. Supreme Court denied the motion, finding the State's position to have been "substantially justified" (CPLR 8601 [a]), and petitioner appeals.

Having prevailed against the State in his CPLR article 78 proceeding, petitioner is entitled to recover reasonable counsel fees, unless respondent can show that the State's position— that is "the act, acts or failure to act from which judicial review is sought" (CPLR 8602 [e])—was "substantially justi-

fied" (CPLR 8601 [a]).* To meet this burden, respondent must, solely on the record before the administrative agency *(see, Matter of Scibilia v Regan,* 199 AD2d 736, 737), demonstrate " 'a reasonable basis both in law and fact' " for the underlying determination *(Pierce v Underwood,* 487 US 552, 565; *see also, Matter of Scibilia v Regan, supra,* at 737; *Matter of Simpkins v Riley,* 193 AD2d 1009, 1010). The mere fact that an agency determination is not ultimately found to have been supported by substantial evidence does not ipso facto signify that its position was devoid of any legal or factual support *(see, Cohen v Bowen,* 837 F2d 582, 585); the closeness of the question, or the presence of some evidence supporting the determination, are fair grounds for litigation and may constitute sufficient justification for having taken a position that turns out to be incorrect *(see, Matter of Scibilia v Regan, supra,* at 737).

At the time of the agency determination at issue here, it was well established that a prison disciplinary finding could be based solely on the testimony of a confidential informant, but only if the Hearing Officer had made an independent evaluation of the informant's credibility, on the basis of some objective evidence from which such an assessment could reasonably be made *(see, Matter of Wynter v Jones,* 135 AD2d 1032, 1033; *Matter of Alvarado v LeFevre,* 111 AD2d 475, 476). A third party's assessment of the informant's credibility could not be relied upon *(see, Matter of Wanton v Coughlin,* 117 AD2d 376, 377-378). The testimony or report of a third party could, however, if sufficiently detailed, provide the basis for an independent assessment of credibility by the Hearing Officer *(see, supra; see also, Matter of Colon v Coughlin,* 147 AD2d 802). Indeed, this Court had held, in one case, that a Hearing Officer could gauge an informant's credibility from the contents of a transcript "summarizing interviews" that a correction facility Superintendent had with informants *(Matter of Harris v Coughlin,* 116 AD2d 896, 897, *appeal withdrawn* 69 NY2d 743).

In opposition to the CPLR article 78 petition, respondent argued, albeit unsuccessfully, that Correction Officer James Doland's written summary of his conversation with the informant, coupled with Doland's confidential testimony in which he answered the Hearing Officer's questions about, *inter alia,*

---

* Counsel fees may also be denied upon a showing of "special circumstances [which] make an award unjust" (CPLR 8601 [a]); however, such circumstances are not alleged here.

the basis for Doland's assertion that the informant had relayed reliable information in the past, constituted adequate basis for an independent evaluation of credibility. Although the transcript and written report were less specific than those relied upon in *Matter of Harris v Coughlin (supra)* and the other cases cited by respondent and, consequently, insufficient to support an independent credibility assessment *(see, Matter of Huggins v Coughlin,* 184 AD2d 823, 824, *supra),* it cannot be said, given the holdings in *Matter of Harris v Coughlin (supra)* and *Matter of Colon v Coughlin (supra),* that the State's position was without basis in law or fact. In sum, we find Supreme Court did not abuse its discretion in finding the State's position to have been "substantially justified".

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.