■ In the Matter of HELEN S. BARNETT, as Executrix of RUTH STERN, Deceased, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [622 NYS2d 812] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Commissioner of Social Services, dated October 8, 1991, made after a hearing, affirming a determination of the respondent Westchester County Department of Social Services terminating the decedent's personal care services, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), dated May 13, 1993, which denied her application for attorney's fees and expenses pursuant to CPLR article 86.

Ordered that the judgment is affirmed, with one bill of costs to the respondents New York State Department of Social Services and Greg Kaladjian.

By a decision and judgment dated June 22, 1992, this Court annulled a determination of the respondent New York State Commissioner of Social Services, which affirmed a determination of the respondent Westchester County Department of

Social Services terminating the decedent's personal care services. The executor of the decedent's estate was substituted, as the petitioner, for the decedent and made this application for attorney's fees and expenses pursuant to CPLR article 86 (the New York State Equal Access to Justice Act). The Supreme Court, holding that the respondents' position in the underlying proceeding was substantially justified, denied the application. We now affirm.

Pursuant to CPLR 8601 (a): "[The] court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds the position of the state was substantially justified or that special circumstances make an award unjust. Whether the position of the state was substantially justified shall be determined solely on the basis of the record before the agency or official whose act, acts, or failure to act gave rise to the civil action."

Pursuant to CPLR 8600, article 86 is to be construed "similar to the provisions of federal law contained in 28 U.S.C. § 2412 (d) and the significant body of case law that has evolved thereunder".

The Supreme Court, in *Pierce v Underwood* (487 US 552), interpreted the phrase "substantially justified," as it is used in the Federal statute, to mean " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person" *(Pierce v Underwood, supra,* at 565). The Supreme Court held that this standard is no different than the standard used by certain lower Federal courts that require the government's position to have "[a] reasonable basis both in law and fact" *(Pierce v Underwood, supra,* at 565; *see also, Matter of Huggins v Coughlin,* 209 AD2d 770; *Matter of Centennial Restorations Co. v Abrams,* 202 AD2d 721; *Matter of Scibilia v Regan,* 199 AD2d 736; *Matter of Simpkins v Riley,* 193 AD2d 1009; *Casuto v Commissioner of Internal Revenue,* 936 F2d 736; *Ceglia v Schweiker,* 566 F Supp 118). The Supreme Court also held that a determination of whether the government's position was substantially justified and whether counsel fees should be awarded is left to the sound discretion of the trial court and is reviewable as an exercise of judicial discretion *(Pierce v Underwood, supra,* at 557; *see, also, Matter of Huggins v Coughlin, supra; Matter of Centennial Restorations Co. v Abrams, supra; Matter of Simpkins v Riley, supra; Casuto v Commissioner of Internal Revenue, supra).* Moreover, a variety of Federal cases have held that the government bears the burden of proof and that it must make

a strong showing that its position was substantially justified *(see, e.g., Environmental Defense Fund v Watt,* 722 F2d 1081). However, the mere fact that the government lost the underlying case on the merits does not require that fees and expenses be awarded *(see, Matter of Huggins v Coughlin, supra; Matter of Scibilia v Regan, supra; S & H Riggers & Erectors v Occupational Safety & Health Review Commn.,* 672 F2d 426; *Kling v Secretary of Dept. of Health & Human Servs.,* 790 F Supp 145).

Here, the Supreme Court did not abuse its discretion when it found that the respondents' position in the underlying proceeding was substantially justified and that attorney's fees and expenses were not warranted. Although there is evidence to support the petitioner's position, the evidence in support of the respondents' position, i.e., to terminate the decedent's personal care services, would satisfy a reasonable person, and the respondents' position had a reasonable basis in law and fact, even though it was not correct. Accordingly, the petitioner's application for attorney's fees and expenses was properly denied.

The parties' remaining contentions are academic. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.