■ In the Matter of HENRY SANTOS, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [635 NYS2d 317] —Casey, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 18, 1994 in Ulster County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's application for an award of counsel fees.

Petitioner was found guilty of violating several prison disciplinary rules including possessing a spray bottle of gasoline in his cell, possessing a bottle of paint thinner in his cell, arson and destruction of State property. Petitioner commenced a CPLR article 78 proceeding and this Court annulled the latter two charges (201 AD2d 849). The annulment was based upon the Hearing Officer's failure to independently assess the credibility of a confidential informant, whose testimony formed a critical link in the establishment of substantial evidence on the challenged charges, and cited *Matter of Huggins v Coughlin* (184 AD2d 823; *see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113). Having prevailed, petitioner made this application to recover counsel fees pursuant to CPLR 8601 (*see, Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346). Supreme Court, finding both that the position of respondents was substantially justified and that special circumstances made such an award unjust, denied the application. Petitioner appeals.

The fact that an administrative determination is found to be unsupported by substantial evidence does not automatically equate to the conclusion that it lacks substantial justification (*see, Cohen v Bowen*, 837 F2d 582, 585; *Matter of Scibilia v Regan*, 199 AD2d 736). Here, the testimony concerning the informant's past reliability rested solely upon the assessment of past reliability by the facility's Superintendent and, while providing some detail, failed to set forth sufficient detail to provide a basis for an independent assessment by the Hearing Officer (*see, Matter of Santos v Coughlin*, 201 AD2d 849, *supra*; *see also, Matter of Huggins v Coughlin*, 209 AD2d 770; *Matter of Huggins v Coughlin*, 184 AD2d 823, *supra*; *Matter of Colon v Coughlin*, 147 AD2d 802). The possession of a spray bottle containing gasoline certainly provided some justification to believe that petitioner was involved with arson.

Whether respondents' position was substantially justified is a determination committed to the discretion of Supreme Court in the first instance and is reviewable as such (*see, Matter of Simpkins v Riley*, 193 AD2d 1009). Under the circumstances here, it cannot be said that respondents' position was without basis in fact or law (*see, Matter of Huggins v Coughlin*, 209 AD2d 770, *supra*; *Matter of Centennial Restorations Co. v Abrams*, 202 AD2d 721, 722, *lv denied* 83 NY2d 952). We find no abuse of discretion on the part of Supreme Court in concluding that respondents established that their position, although not correct, was substantially justified (*see, Matter of Scibilia v Regan, supra*).

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.