■ In the Matter of MARCO WAN, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, Department of Correctional Services, Respondent. [647 NYS2d 307] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On November 21, 1994, an inmate was stabbed and seriously wounded in the N-1 dorm at Wyoming Correctional Facility in Wyoming County. In a misbehavior report dated November 23, 1994, petitioner, an inmate at the facility, was charged as an accessory with violating disciplinary rules prohibiting assault on other inmates and engaging in violent conduct. The report's author, Correction Sergeant R. Zimpfer, reported that he received information from a confidential informant who witnessed the stabbing that the victim had been stabbed with a homemade knife by an inmate named Wilson following an argument. The source then saw petitioner emerge from his cell and come over and retrieve the weapon from Wilson and leave

the dorm area. According to the report, the confidential source positively identified Wilson and petitioner through the use of a photo array. The report went on to state that a search of petitioner's cell uncovered an eight-inch homemade knife, consistent with the wounds sustained by the victim, hidden in a sneaker therein.

A second misbehavior report signed by the correction officers who conducted the search was issued charging petitioner with a violation of the rule prohibiting the possession of weapons. This report noted there were some blood spots on the sharp end of the knife. Following a tier III hearing held on both misbehavior reports, petitioner was found guilty of all three charges and a penalty was imposed. Petitioner's administrative appeal of this determination was unavailing and he then commenced this CPLR article 78 proceeding, which was subsequently transferred to this Court.

Upon review of the numerous challenges raised by petitioner in this proceeding, we conclude that the determination must be confirmed. The misbehavior reports combined with the testimony and evidence produced at the hearing provide substantial evidence to support the determination of guilt (*see, Matter of Brugman v Coughlin*, 217 AD2d 720). While petitioner objects to the fact that the information in the first misbehavior report was provided by a confidential informant who was not interviewed by the Hearing Officer, the detailed information in the report combined with the Hearing Officer's questioning of Zimpfer provided a sufficient basis for the Hearing Officer to independently assess the informant's credibility (*see, Matter of Butler v Coughlin*, 193 AD2d 973, *lv denied* 82 NY2d 655). Significantly, the informant's statements were corroborated by, *inter alia*, the informant's identification of Wilson and petitioner from a photo array, the discovery of the sneakers and bloody knife from petitioner's cell, and Wilson's admission that the sneakers and knife found therein belonged to him (*see, Matter of Burgos v Coughlin*, 190 AD2d 944, 945).

The remaining claims raised by petitioner have been examined and found to be unpersuasive. Petitioner challenges the fact that, at various times, the Hearing Officer went to another room to take testimony from witnesses located at another correctional facility by speakerphone using written questions supplied by petitioner. The testimony was then played back for petitioner. Significantly, petitioner failed to object to this manner of receiving testimony at the hearing and appeared to consent and participate fully. Additionally, petitioner has failed to set forth factual allegations to support his claim

that the Hearing Officer was biased. The mere fact that petitioner received an unfavorable resolution of a credibility issue is not indicative of bias or partiality (see, Matter of McCoy v Leonardo, 175 AD2d 358, 359).

Mercure, White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.