■ In the Matter of IGNACIO REYNOSO, Appellant, v GEORGE BARTLETT, as Superintendent of Elmira Correctional Facility, Respondent. [647 NYS2d 586] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered August 22, 1995 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, while an inmate at Elmira Correctional Facility in Chemung County, was found guilty of violating a prison disciplinary rule prohibiting lewd exposure as a result of an incident whereby he exposed himself to a female doctor who had been walking by his cell.* The finding of guilt was affirmed upon administrative appeal and petitioner then commenced this CPLR article 78 proceeding to challenge the determination. Supreme Court dismissed the petition on the merits and this appeal ensued.

On appeal, petitioner raises numerous allegations of error and prejudice that have been examined and found to be without merit. Contrary to petitioner's arguments, we find that the Hearing Officer properly limited the issues at the hearing to the charges in the misbehavior report rather than allowing petitioner to introduce a separate grievance he had filed against the author of the misbehavior report following its issuance. Petitioner also complains because two of the four inmates that he requested appear as witnesses did not testify at the hearing. Notably, petitioner has failed to demonstrate that the two witnesses had any relevant or noncumulative testimony to offer (see, Matter of Grassia v Mann, 223 AD2d 811, 812). In any event, the record reveals that one of these witnesses was not produced because he had been recently stabbed and was in protective custody, and the other inmate witness signed a form refusing to testify, all without an objection from petitioner (see, Matter of Kelly v Coughlin, 192 AD2d 897, appeal dismissed, lv denied 82 NY2d 819).

---

* Petitioner had also been charged with violating a rule prohibiting harassment. He was found not guilty of this charge.

Next, we find that petitioner's claims that he was denied an appeal form and was not provided with a copy of the State-wide institutional rules are belied by the record. Further, in light of the fact that petitioner has been disciplined several times in the past for violating the same rule that is the subject of this appeal, his claims of prejudice are not persuasive (*see*, *Matter of Green v Snow*, 147 AD2d 748, 749). Finally, although petitioner objects to the quality of the transcript produced of the hearing, we note that the occasional gaps appearing therein are solely the result of petitioner's own inaudible or inarticulate testimony. In any event, we find that these breaks in the testimony "are not so significant as to preclude meaningful review" (*Matter of Machado v Leonardo*, 180 AD2d 936, 938).

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.