■ In the Matter of JAMES GARDINER, Petitioner, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [651 NYS2d 640] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Clinton Correctional Facility in Clinton County, petitioner was served with two misbehavior reports arising out of an incident in which another inmate was assaulted. In the first report, petitioner was charged with fighting and refusing a direct order. In the second, he was charged with engaging in violent conduct, assaulting another inmate, possessing a weapon and making false statements. Although petitioner was found guilty of some of these charges after a disciplinary hearing, the administrative determination was reversed on appeal and the matter was remitted for a new hearing. Following the new hearing, petitioner was found guilty of all the charges specified in the two misbehavior reports. He commenced this CPLR article 78 proceeding raising various procedural objections to the administrative determination and arguing that it is not supported by substantial evidence. Supreme Court dismissed petitioner's procedural claims and transferred the proceeding to this Court for review.

We reject petitioner's claim that the administrative determination is not supported by substantial evidence. Harold Thurber, the correction officer who prepared the first misbehavior report, testified that he heard a commotion involving three inmates and saw petitioner run away from the area. He stated that petitioner ignored his directive to stop and appeared to have a weapon in his hand. He stated that one of the inmates involved in the altercation had been stabbed. The victim of the assault testified that petitioner was the one who stabbed him.

D. Armitage, the correction sergeant who prepared the second misbehavior report, testified that his investigation of the incident revealed that petitioner had stabbed the victim. Armitage gave confidential testimony in which he identified the sources of his information. Our in camera review of this testimony, however, reveals that the Hearing Officer relied upon Armitage's evaluation of the informants' reliability rather than making his own independent assessment (see, Matter of Santos v Coughlin, 201 AD2d 849). Although this was er-

ror, it does not require annulment of the administrative determination because the other evidence relied upon by the Hearing Officer, namely Thurber's and the victim's testimony, constitute substantial evidence supporting the determination (*see, Matter of Hernandez v Coughlin*, 206 AD2d 578, *appeal dismissed, lv denied* 84 NY2d 1024; *Matter of Turner v Coughlin*, 186 AD2d 843).

We have considered petitioner's remaining claims and find them to be without merit.

Mercure, White, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.