Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with failing to comply with a direct order, assaulting a staff member, interference, being out of place, violating count procedures and violent conduct in connection with an incident wherein he disregarded an order to remain in the dorm and instead proceeded to the bathroom. A correction officer followed petitioner into the bathroom and again ordered him back to the dorm. As petitioner and the officer began to leave the bathroom, petitioner pushed the officer and a physical altercation ensued. Following a tier III disciplinary hearing, petitioner was found guilty of all six charges. The determination was upheld upon administrative appeal with a modified penalty, prompting this CPLR article 78 proceeding.
Initially, respondent concedes and we agree that the record does not support the charge of failing to comply with count "ocedures, and the determination must be annulled to that ent (see generally Matter of Smith v Fischer, 87 AD3d 1198, 1199 [2011]; Matter of Wilson v Kadien, 69 AD3d 1104, 1104 *1179 [2010]). However, inasmuch as petitioner was released from prison during the pendency of this proceeding, remittal for re-determination of the penalty is not necessary (see Matter of Santos v Coughlin, 201 AD2d 849, 850 [1994]).
With regard to the remaining charges, we find that the misbehavior report, unusual incident report and supporting documentation and the hearing testimony provide substantial evidence supporting the determination (see Matter of Wigfall v Department of Corr. Servs., 100 AD3d 1211, 1212 [2012]; Matter of Williams v Goord, 36 AD3d 1033, 1033 [2007]). Petitioner’s claim that the record is inadequate for review is not persuasive as the hearing transcript reveals no gaps in or incoherent portions of relevant testimony, and the record contains copies of all of the evidence relied upon by the Hearing Officer in making his determination (see Matter of Holloway v Edwards, 253 AD2d 928, 928 [1998]; compare Matter of Medina v New York State Dept. of Corr. Servs., 104 AD3d 976, 977 [2013]). Contrary to petitioner’s contentions, the record reflects that he received a fair hearing; the Hearing Officer afforded petitioner ample opportunity to present his position, examine witnesses, submit documentary evidence and raise objections (see Matter of Jackson v Prack, 84 AD3d 1660, 1660-1661 [2011]). Petitioner’s remaining contentions have been considered and found to be without merit.
Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of failing to comply with count procedures; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner’s institutional record; and, as so modified, confirmed.