■ In the Matter of GREGORY MINGO, Appellant, v P. CHAPPIUS, as Superintendent of Elmira Correctional Facility, et al., Respondents. [999 NYS2d 271]—

Devine, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered May 10, 2013 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for litigation-related expenses.

Petitioner, acting pro se, commenced this CPLR article 78 proceeding to review the denial of two grievances he had filed relating to determinations of prison officials that were based upon purportedly inaccurate information in his institutional record. Supreme Court granted the petition, directed that the inaccurate information be expunged and remitted for further proceedings. Petitioner then moved pursuant to the Equal Accessto Justice Act (see CPLR art 86 [hereinafter EAJA]), arguing that he was entitled to reimbursement for the time he had devoted to legal research. Supreme Court denied the motion, prompting this appeal.

We affirm. EAJA provides for an award, in limited circumstances, of "fees and other expenses" to a prevailing party in civil actions against the state (CPLR 8601 [a]; see CPLR 8600). The statute permits an award of counsel fees but, inasmuch as such an award is in derogation of the common law, those provisions are strictly construed (see Matter of Scibilia v Regan, 199 AD2d 736, 737 [1993]). "Fees and other expenses" are defined in relevant part as "reasonable attorney fees, including fees for work performed by law students or paralegals under the supervision of an attorney incurred in connection with an administrative proceeding and judicial action" (CPLR 8602 [b] [emphasis added]; see CPLR 8601 [a]). Petitioner represented himself and was not under the supervision of an attorney even if he is, in fact, qualified as a paralegal. Thus, he has not incurred any reimbursable fees or expenses, and Supreme Court properly denied his motion (see Matter of Leeds v Burns, 205 AD2d 540, 540 [1994], lv denied 84 NY2d 811 [1994]; see also Securities & Exch. Commn. v Price Waterhouse, 41 F3d 805, 808 [2d Cir 1994]).

Lahtinen, J.P., Garry and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.