■ In the Matter of FRANKLIN HONORET, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report dated August 8, 1988 with violating prison disciplinary rules prohibiting an inmate's engagement in conduct involving a threat of violence which creates an immediate danger to facility security. The incident forming the basis of the report occurred in the prison recreation yard at Great Meadow Correctional Facility in Washington County at about 3:50 P.M. on July 31, 1988. Correction Officer P. Bruce, who observed the incident from his post at tower 4, prepared the report and testified telephonically that he personally observed petitioner, whom he positively identified, walking up and down in front of other inmates who were seated along the construction fence in the yard and urging them to get ready to fight, using the words "let's get them". The testimony of Correction Officer Telisky was taken outside petitioner's presence. A tape recording of his testimony positively identifying petitioner as the inciter was played for petitioner at the hearing. Petitioner had no objection.

Petitioner called two correction officers as witnesses. One had arrived at the scene 25 minutes later and was unable to relate what happened. The other, Correction Officer Ray Pasco, identified petitioner and specifically overheard him yell, "come on let's get ready". Of the several inmates called by petitioner, only two testified and both denied any participation of petitioner in the incident.

Based on the misbehavior report that positively identified

petitioner and the tape-recorded statement of Telisky which also identified petitioner, the Hearing Officer found petitioner guilty of rioting and imposed a penalty of 180 days of restrictive confinement with a corresponding loss of certain inmate privileges and a recommended loss of six months of good time. This determination was affirmed on administrative appeal and this CPLR article 78 proceeding, attacking its legal sufficiency, has been transferred here.

We confirm. The misbehavior report and the testimony of Bruce and Telisky previously outlined supplies substantial evidence for the determination and satisfies the requirement of *People ex rel. Vega v Smith* (66 NY2d 130, 139). Furthermore, we find no merit in petitioner's claim that he had a right to be present during the testimony of Telisky and that the failure to afford him this right violated due process *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 147). Only when an inmate calls a witness on his behalf does he have any right to be present (7 NYCRR 254.5; *Matter of Pinargote v Berry,* 147 AD2d 746, 747, *lv denied* 74 NY2d 606). Telisky was called as a witness by the Hearing Officer. In any event, it has now been established that an inmate's presence for the testimony of witnesses is not constitutionally required *(Francis v Coughlin,* 891 F2d 43, 48) and petitioner made no objection to the receipt of such testimony. The determination should, therefore, be confirmed and the petition dismissed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.