■ In the Matter of PATRICK GRAHAM, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents.—Appeal from a judgment of the Supreme Court (Lewis, J.), entered March 1, 1991 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents finding petitioner guilty of violating certain prison disciplinary rules.

We reject petitioner's claim that he had a right to be present during the testimony of the prison facility's Muslim Imam as to whether the pin petitioner wore was a Muslim insignia. The right to be present applies only when an inmate calls a witness (7 NYCRR 253.5 [b]; 254.5 [b]) and not, as was the case here, where the witness is called by the Hearing Officer (see, Matter of Honoret v Coughlin, 160 AD2d 1093, lv denied 76 NY2d 710). In any case, an inmate's presence for the testimony of witnesses is not constitutionally required (see, supra) and we note that while petitioner raised this issue on administrative appeal (cf., Matter of Crowley v O'Keefe, 148 AD2d 816, appeal dismissed 74 NY2d 780, lv denied 74 NY2d 613), he made no objection to the testimony at the time of the hearing (see, Matter of Finn v Leonardo, 160 AD2d 1074). Likewise, we find no merit to petitioner's contention that the Imam's testimony should have been recorded (7 NYCRR 253.6 [b]; 254.6 [b]). Insofar as there is no dispute as to the content of the testimony (petitioner agreed that the Imam did not recognize the pin), the issue is academic and the failure to record the testimony cannot be said to constitute reversible error (see, Matter of Berrios v Kuhlmann, 143 AD2d 475). Petitioner's remaining contentions have been considered and rejected as being without merit.

Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.