■ In the Matter of OTIS TATE, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [627 NYS2d 100] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

At all times relevant herein, petitioner was an inmate at Clinton Correctional Facility in Clinton County. On November 12, 1993 Correction Sergeant G. Bezio confiscated a typed letter from petitioner's cell addressed to petitioner from another inmate, Teofilo Tavarez. The letter referred to prior communications between the two inmates and, in essence,

recounted petitioner's agreement to do certain legal work for Tavarez in return for $35 payment in commissary supplies. The letter further indicated that petitioner now wanted $20.08 more to do the work than previously agreed and Tavarez's complaint about the increase. An investigation was initiated resulting in a misbehavior report charging petitioner with violating prison rules 103.10 (prohibiting extortion) and 180.17 (prohibiting unauthorized legal assistance).

After a tier II disciplinary hearing was held, petitioner was found guilty of both charges and sentenced to 21 days of keeplock with loss of packages, commissary and telephone privileges from the date of the misbehavior report. Petitioner's administrative appeal affirmed the findings of guilt and the sentence.

Petitioner then commenced this CPLR article 78 proceeding challenging the determination for lack of substantial evidence to support the determination of guilt and for procedural errors. Supreme Court rejected petitioner's claims of procedural errors and transferred the substantial evidence issue to this Court pursuant to CPLR 7804 (g).

A review of the record reveals that respondents' determination of guilt is supported by substantial evidence. As petitioner made no objection to the alleged procedural errors at the disciplinary hearing when they could have been corrected, the claimed procedural issues have been waived and will not be considered here (see, Matter of Schaffer v Leonardo, 179 AD2d 980, lv denied 79 NY2d 758; Matter of Graham v New York State Dept. of Correctional Servs., 178 AD2d 870, lv denied 79 NY2d 756).

In this instant proceeding the letter to petitioner from Tavarez referring to the alleged agreement whereby Tavarez would pay petitioner $35 for certain legal work to be performed by petitioner and indicating petitioner's new request that Tavarez pay more money for the work, plus the testimony of the inmate and petitioner given at the hearing together with the testimony of other correction officers, provides substantial evidence to support the findings that petitioner was guilty of extortion and providing legal assistance without prior approval (see, People ex rel. Vega v Smith, 66 NY2d 130, 139; see also, Matter of Foster v Coughlin, 76 NY2d 964, 966).

Petitioner argues that since no legal assistance was rendered nor any money paid, the prison rule prohibiting inmates from providing legal assistance to another inmate was not

violated. We reject this contention. The letter was evidence of the agreement to render legal assistance and constitutes an attempt which is punishable to the same extent as the completed offense *(see,* 7 NYCRR 270.3 [b]; *see also, Matter of Heath v Coughlin,* 207 AD2d 486).

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.