■ In the Matter of LEVAL LYDE, Petitioner, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [658 NYS2d 479] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of assault for cutting another inmate

in the head and face. The determination was based on confidential information which directly identified petitioner as the assailant, the misbehavior report and testimony of Correction Sergeant M. Melton, who investigated the incident. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul the determination.

We confirm. Contrary to petitioner's claim, we find that the determination is supported by substantial evidence. Our in camera review of the confidential information upon which the Hearing Officer relied convinces us that this information was "sufficiently detailed, specific and corroborative in nature to enable the Hearing Officer to make an independent determination of credibility of the confidential informant" (*Matter of Spirles v Coughlin*, 187 AD2d 863, 863-864; *see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119). This confidential information indicated that the informant saw the assailant and identified petitioner as the perpetrator by picking him out of a photo array. Moreover, the informant's identification of petitioner was corroborated by petitioner's admission that he was in the same area as the inmate prior to the assault and by Melton's testimony that, after the incident, facility employees found petitioner's sweatshirt and noticed that this, as well as the clothing that petitioner was wearing, appeared to be bloodstained (*see, Matter of Wan v Selsky*, 231 AD2d 812, 813; *Matter of Richardson v Coughlin*, 188 AD2d 761, 762). The exculpatory version of events testified to by petitioner and his inmate witnesses merely raised a credibility issue which the Hearing Officer was free to resolve against petitioner (*see, Matter of Santiago v Hoke*, 183 AD2d 978, 979-980, *lv denied* 80 NY2d 757).

Petitioner's contention that the Hearing Officer was biased because he had presided over the inmate's involuntary protective custody hearing has not been preserved for our review by timely objection (*see, Matter of Giakoumelos v Coughlin*, 192 AD2d 998, *lv denied* 82 NY2d 658). Nevertheless, were we to consider the issue, we would find it to be without merit. It is well settled that a Hearing Officer may preside over several hearings involving the same incident as long as he or she considers the proof in each hearing separately (*see, Matter of Lonski v Coughlin*, 126 AD2d 981, 982). In this case, there is nothing to suggest that the Hearing Officer considered any evidence outside of the record (*see, Matter of Hart v Coombe*, 229 AD2d 754, 755, *lv denied* 89 NY2d 802). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.