■ In the Matter of JOSE FELICIANO, Petitioner, v DONALD SELSKY, as Director of Special Housing, et al., Respondents. [658 NYS2d 147] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was found guilty of selling or exchanging narcotics, attempted smuggling or soliciting others to smuggle narcotics and abuse of telephone privileges. On administrative appeal, the telephone privilege charge was reversed and the penalty modified to reduce the original sentence of 1,275 days in the special housing unit (hereinafter SHU), with commensurate loss of special privileges, to 910 days. Petitioner thereafter commenced the instant CPLR article 78 proceeding. Supreme Court transferred the case to this Court pursuant to CPLR 7804.

Initially, we reject petitioner's contention that the determination should be annulled because respondent Hearing Officer refused to reveal confidential information, failed to independently assess its reliability and did not explain her reasons for relying thereon. It is well settled that a prison disciplinary determination may be based upon confidential information if the Hearing Officer first makes an independent assessment of its reliability (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113; *Matter of Gardiner v Senkowski*, 234 AD2d 708). Here, the Hearing Officer conducted a personal interview with the source of the confidential information. Upon our in camera review of the confidential information provided by respondent, we conclude that the personal interview, as well as the detailed and specific knowledge displayed by the confidential witness, amply support the Hearing Officer's credibility determination (*see, Matter of Machado v Leonardo*, 180 AD2d 936).

Further, we reject petitioner's contention that the determination is not supported by substantial evidence. Confidential information, although hearsay, may be sufficient to satisfy the substantial evidence standard (*see, Matter of Bostic v Coughlin*, 216 AD2d 766; *Matter of Ruiz v Coughlin*, 184 AD2d 818). In our view the confidential information, coupled with Investigator James Ferro's testimony connecting petitioner to the post office box containing the heroin, established petitioner's acts of solicitation and attempt to possess heroin.

We also reject petitioner's contentions that the 24-hour rule was violated and that the hearing was unduly delayed by unwarranted extensions. Here, since petitioner initially met with his assistant on July 31, 1995 and the hearing did not commence until August 8, 1995, the hearing commenced at least 24 hours after his first meeting with the assistant and, accordingly, the rule was not violated (*see*, 7 NYCRR 254.6 [a]; *Matter of Abdur-Raheem v Mann, supra*). In our view, the hearing was timely commenced and all extensions were validly granted. The record reveals that the initial adjournment was made upon petitioner's request for assistance; further extensions were properly granted in order to complete assistance, secure witness testimony or were due to the unavailability of documents, tapes and witnesses requested by petitioner (*see, Matter of Ventimiglia v Coombe*, 233 AD2d 610; *Matter of Richardson v Coughlin*, 180 AD2d 846).

Regarding petitioner's contention that the penalty imposed was excessive, it is significant to note that petitioner has prior drug-related violations. Further, given the seriousness of smuggling drugs into a maximum security prison, we cannot agree with petitioner that the penalty was excessive (*see, Matter of Beckford v Coombe*, 233 AD2d 734).

We have considered petitioner's remaining contentions, including the lack of meaningful employee assistance, the deprivation of documentary evidence, the lack of adequate notice of the charges, the denial of the right to call witnesses and the sufficiency of the written disposition, and find them to be totally lacking in merit.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.