■■■ In the Matter of MARTIN RIVERA, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [680 NYS2d 34] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was charged with violating inmate rules 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]), 100.10 (7 NYCRR 270.2 [B] [1] [i] [assault]), and 100.13 (7 NYCRR 270.2 [B] [1] [iv] [fighting]). According to the misbehavior report, an inmate told a correction officer that he had been stabbed by three other inmates in a dorm bathroom. The victim identified his attackers by bed numbers and nicknames and thereafter was asked to identify his assailants. The victim positively identified three inmates, including petitioner, from photo files.

Petitioner contends that he was denied due process at his Tier III hearing because he was not allowed to question the victim. Petitioner had no right to question or cross-examine the victim, who refused to testify on behalf of petitioner and instead testified at the request of the Hearing Officer (*see, Matter of Colon v Goord*, 245 AD2d 582, 583-584; *see also, Matter of Graham v New York State Dept. of Correctional Servs.*, 178 AD2d 870, *lv denied* 79 NY2d 756; *see generally, Wolff v McDonnell*, 418 US 539). Additionally, the determination is supported by substantial evidence. The fact that the incident was unwitnessed does not compel a contrary result (*see, Matter of Allen v Goord*, 252 AD2d 973). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.