■ In the Matter of DERRICK L. COBB, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [706 NYS2d 199] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules which prohibit inmates from conspiring to take over the facility, committing acts which are detrimental to the facility, interfering with an employee* and creating a disturbance. According to the misbehavior report, the charges stem from an incident wherein petitioner encouraged a group of inmates to surround and assault two correction officers who were attempting to restrain another inmate by yelling statements such as "Are you gonna let this happen?!" Upon petitioner's administrative appeal, the penalty was modified but the determination of guilt was affirmed. Petitioner subsequently commenced this CPLR article 78 proceeding and we confirm.

In our view, the detailed misbehavior and investigative reports and the testimony of the correction officer who authored them, together with the testimony of the correction officers assaulted by the inmates and the information from confidential sources, provides substantial evidence to support the determination of petitioner's guilt (see, Matter of Orr v Selsky, 263 AD2d 742; Matter of Flynn v Coombe, 239 AD2d 725; Matter of Watts v Coombe, 235 AD2d 952, 953). Contrary to petitioner's contentions, the Hearing Officer conducted personal interviews with the confidential witnesses in order to independently assess their reliability (see, Matter of Feliciano v Selsky, 239 AD2d 799) and was entitled to resolve the credibility issues created by the exculpatory version of events offered by petitioner and some of his inmate witnesses (see, Matter of Harris v Corcoran, 261 AD2d 740).

As for petitioner's claim that the misbehavior report was not based upon personal knowledge, the correction officer who drafted the report was authorized to do so because he "ascertained the facts" from individuals with personal knowledge of the incident (7 NYCRR 251-3.1 [b]; see, Matter of Foster v

---

* Petitioner pleaded guilty to the charge of interfering with an employee.

*Coughlin,* 76 NY2d 964, 965; *Matter of Sime v Department of Correctional Servs., Commr.,* 252 AD2d 692, 693). Moreover, petitioner's request for the misbehavior reports served upon the inmates who perpetrated the assault was properly denied as irrelevant to petitioner's defense to the charges against him (*see, Matter of Williams v Selsky,* 257 AD2d 932). Finally, nothing in the record substantiates petitioner's argument that the Hearing Officer was biased or considered evidence outside of the record (*see, Matter of Lyde v Senkowski,* 239 AD2d 714, 715).

Petitioner's remaining contentions, including his challenge to the penalty imposed, i.e., 18 months in the special housing unit, loss of privileges for 18 months and recommended loss of 18 months of good time, have been reviewed and found to be lacking in merit.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.