■ In the Matter of ANTHONY JIMINEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit and Inmate Disciplinary Programs, et al., Respondents. [711 NYS2d 59] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of assaulting a staff member, refusing a direct order, interfering with an employee and violating a movement regulation in violation of prison disciplinary rules. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt on procedural and substantial evidence grounds. We confirm.

The misbehavior report and hearing testimony indicate that the incident occurred while two correction officers were removing waist chain restraints from inmates on petitioner's gallery following their return from the facility yard. When one of the correction officers removed petitioner's waist chain, petitioner violently turned and struck him in the head with his handcuffed fists. Petitioner resisted the correction officer's attempts to physically restrain him and continued to struggle despite several direct orders to stop fighting. In our view, the misbehavior report and testimony of the correction officer who witnessed the incident, together with petitioner's admission that he refused a direct order, constitute substantial evidence of petitioner's guilt (*see, Matter of Quiles v Goord*, 271 AD2d 775, 775-776; *Matter of Daum v Goord*, 270 AD2d 745, 745-746).

The Hearing Officer was free to reject petitioner's exculpatory version of events and to discredit the testimony of petitioner's inmate witnesses who admitted that they could not see the altercation from their respective vantage points (*see, Matter of Carter v Goord*, 266 AD2d 623, 624; *Matter of Lydė v Senkowski*, 239 AD2d 714, 715).

Finally, while petitioner claims that his copy of the misbehavior report was not endorsed by the correction officer who observed the incident, we do not find this a basis for disturbing the determination under the circumstances presented herein. Petitioner had the opportunity to question the correction officer as a witness at the hearing and has failed to demonstrate any prejudice resulting from the missing signature (*see, Matter of Alamin v New York State Dept. of Correctional Servs.*, 252 AD2d 824, 825). Petitioner's remaining claims, including his assertions that the Hearing Officer was biased and denied him the right to present certain evidence, have been examined and found to be either unpreserved for our review or lacking in merit.

Mercure, Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.