■ In the Matter of ERNEST HENLEY, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [717 NYS2d 746] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of assaulting another inmate stemming from his involvement in the near fatal stabbing of a fellow inmate. Among the evidence introduced against petitioner at his disciplinary hearing was the misbehavior report and the testimony of its author indicating that the stabbing victim identified petitioner from a photographic array as the individual who attacked him. This proof, together with the documents presented at the hearing and the confidential information which revealed a possible motive for petitioner's attack on the victim, provide substantial evidence of petitioner's guilt (*see, Matter of Sime v Department of Correctional Servs.*, 252 AD2d 692; *Matter of Lyde v Senkowski*, 239 AD2d 714). Contrary to petitioner's contention, the Hearing Officer independently assessed the reliability of the confidential witnesses during a personal interview (*see, Matter of Cobb v Selsky*, 270 AD2d 747; *Matter of Feliciano v Selsky*, 239 AD2d 799) and

properly resolved any credibility issues created by petitioner's claims of innocence and his allegation that the author of the misbehavior report lied about randomly selecting the photographs included in the array (*see*, *Matter of Dong Chong v Goord*, 240 AD2d 834, 835; *Matter of Young v Coombe*, 227 AD2d 799, 801).

Addressing petitioner's challenges to the misbehavior report, the correction officer who issued the report was authorized to do so, despite the fact that he lacked personal knowledge of the incident, because he ascertained the facts by interviewing the victim (*see*, 7 NYCRR 251-3.1 [b]; *see also*, *Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868). Finally, the report was properly endorsed and set forth the details of the incident with sufficient accuracy to enable petitioner to prepare a defense (*see*, *Matter of Headley v Goord*, 274 AD2d 714, 715; *Matter of Dumpson v McGinnis*, 247 AD2d 804).

We have reviewed petitioner's remaining arguments, including his claims that the Hearing Officer was biased and denied him the right to call witnesses, and find that they are not meritorious.

Cardona, P. J., Mercure, Crew III and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.