◼ In the Matter of EVAN BROWN, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, Respondent. [717 NYS2d 772] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, while confined at Cape Vincent Correctional Facility in Jefferson County, received a $20 money order from the mother of another inmate (hereinafter the inmate) prompting an investigation. Initially, petitioner was charged with unauthorized exchange for allegedly taking the $20 in return for a pair of sweat pants. After the hearing on that charge revealed conflicting testimony by the inmate, the Hearing Officer— Lieutenant Jones—telephoned the inmate's mother, who stated that she received a letter from her son requesting $20 to pay petitioner for legal services and that when she failed to send the money her son telephoned her and again requested that petitioner be paid. She reported to Jones that—in her opinion— her son sounded frightened. Jones then dropped the unauthorized exchange charge and issued a misbehavior report against petitioner for extortion.

The evidence presented at petitioner's tier III hearing on the

extortion charge included the misbehavior report authored by Jones, testimony from Jones including the aforesaid hearsay statements from the mother, testimony of the inmate and the testimony of Senior Correction Counselor Cohen, the officer who presided over a separate hearing concerning a misbehavior report against the inmate for lying during petitioner's unauthorized exchange hearing. Petitioner denied any threat toward the inmate. Cohen testified that the inmate told him that the $20 was given in exchange for both legal work and a pair of sweat pants. According to Cohen, the inmate did not deny calling his mother to ask for the money but, contrary to the findings of the Hearing Officer in this proceeding, Cohen's testimony does not support the conclusion that the inmate ever actually admitted to being frightened by petitioner. The inmate testified at the extortion hearing that he called his mother because he felt obligated to pay petitioner for the legal work and sweat pants and that he was not coerced or frightened by petitioner or anyone else into doing so.

Nevertheless, petitioner was found guilty of violating prison disciplinary rule 103.10, "[i]nmates shall not bribe or extort * * * [any] person" (7 NYCRR 270.2 [B] [4] [i]). Upon our review of the record, we conclude that the determination of guilt cannot stand inasmuch as it is not supported by substantial evidence (*see, Matter of Bryant v Coughlin*, 77 NY2d 642, 647). Indeed, we note that the only evidence of a threat or coercion on this record was the hearsay statement of the mother that her son "sounded scared"—a wholly uncorroborated statement which was directly contradicted by the inmate's testimony. Under these circumstances, we conclude that the proof presented was inadequate to support the conclusion that petitioner utilized some type of threat to instill fear in the inmate, causing him to secure the $20 (*see, id.*; *Matter of Greene v Coughlin*, 196 AD2d 923, 923-924; *see also*, Penal Law § 155.05 [2] [e]). In light of this conclusion, we find it unnecessary to address petitioner's remaining contentions.

Mercure, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record and restore him to prehearing status.