■ In the Matter of DAVID RUSSELL, Petitioner, v DONALD SELSKY, as Director of Special Housing/New York State Department of Correctional Services, Respondent. [728 NYS2d 204] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

The presence of blood on the floor and a bloody white rag in a corner caused correction officers to investigate an apparent altercation. During the investigation, they discovered an inmate with a four-inch laceration on his head. They also discovered that petitioner had a cut on the ring finger of his right hand and that he had a bent can lid in his pocket. Three misbehavior reports were filed. The first charged petitioner with assault, the second with possession of a weapon and possession of an altered item, and the third with disorderly conduct and failure to promptly report an injury. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was modified upon administrative appeal and the assault charge dismissed. This CPLR article 78 proceeding ensued.

Two correction officers involved in the investigation gave detailed testimony concerning the circumstances leading to the filing of charges against petitioner. This testimony, the misbehavior reports and petitioner's admission that he possessed the bent can lid in an area not used for cooking provide substantial evidence of petitioner's guilt (*see, Matter of Torres v Goord*, 275 AD2d 840, 840-841; *Matter of Jiminez v Selsky*, 274 AD2d 704). Contrary to petitioner's assertion, the author of a misbehavior report need not personally witness the misbehavior, provided he or she has investigated the incident and ascertained the facts (*see,* 7 NYCRR 251-3.1 [b]) and, as was done here, the report is properly endorsed and contains sufficient accurate information to allow petitioner to prepare a defense (*see, Matter of Henley v Goord*, 278 AD2d 687, 688).

Further, we find that the Hearing Officer did not abuse his discretion by refusing to permit petitioner to recall a correction officer who had been thoroughly cross-examined by petitioner or by refusing to allow petitioner to call an inmate not identified by petitioner as a witness until near the close of the hearing. Petitioner could not demonstrate that either witness could provide further relevant testimony (*see, Matter of Sims v Goord*, 274 AD2d 701).

Lastly, our review of the record leads us to conclude, contrary to petitioner's assertion, that the determination is not the product of Hearing Officer bias (*see, Matter of Barnes v Selsky*, 278 AD2d 707, 708-709). We have considered petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.