■ In the Matter of JOHN CHANEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [740 NYS2d 890] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating prison disciplinary rules prohibiting interference with a staff member, refusing to obey a direct order, refusing to submit to a frisk and smoking in an undesignated area of the facility. Included in the evidence presented at petitioner's disciplinary hearing was the misbehavior report in which the reporting correction officer related that he observed petitioner take an object from a fellow prisoner and enter a bathroom. As the officer approached the bathroom, he smelled cigarette smoke. Petitioner complied with the officer's order to exit the bathroom and then submitted to a pat frisk. During the frisk, however, petitioner twice took his hands off the wall despite repeated orders to hold still. Correction officers needed to use force to subdue petitioner and escort him to a cell.

The record contains substantial evidence of petitioner's guilt in the form of the detailed misbehavior report written by an eyewitness to the events in question, the use-of-force documentation and the corroborating testimony given by petitioner in which he admitted that he came off the wall twice during the frisk (*see, Matter of Torres v Goord*, 275 AD2d 840, 841; *Matter of Jiminez v Selsky*, 274 AD2d 704). Any conflict in the evidence presented a credibility issue for resolution by the Hearing Officer (*see, Matter of Watson v Morse*, 260 AD2d 772). The remaining contentions raised by petitioner have been examined and found to be without merit.

Cardona, P.J., Mercure, Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.