■ In the Matter of STEVEN A. CRAWFORD, Appellant, v ROY A. GIRDICH, as Superintendent of Franklin Correctional Facility, Respondent. [752 NYS2d 919] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered April 30, 2002 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of a misbehavior report that arose out of his participation in a disruptively loud and vehement telephone conversation in his dormitory. Petitioner ignored the reporting correction officer's orders to desist and instead harangued the officer for interfering with his conversation. When petitioner finally ended his call and returned to his cube, he continued yelling and started throwing things. Following a disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting creating a disturbance and refusing to obey a direct order. This determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding, which was subsequently dismissed by Supreme Court, prompting this appeal.

Initially, petitioner's contention that the misbehavior report was fabricated in retaliation for certain previous conflicts between petitioner and the reporting officer is unsupported by any evidence in the record (*see Matter of Bennett v Bintz*, 290 AD2d 791, *appeal dismissed and lv denied* 98 NY2d 687; *Matter of Pryce v Goord*, 281 AD2d 665).* We are also unpersuaded

---

* To the extent that the arguments in the petition on this point may be construed as having raised an issue of substantial evidence, the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). In any event, we shall treat the issue as being properly before us (*see, Matter of Berrian v Goord*, 288 AD2d 670) and conclude that it lacks merit.

by petitioner's assertion that the administrative determination must be annulled because a second correction officer was present during the incident in question who neglected to endorse the misbehavior report. In the absence of a showing that petitioner's defense was prejudiced by this omission, we find it to be harmless error (*see Matter of Crosby v Goord*, 268 AD2d 931, 932; *Matter of Adams v Stinson*, 267 AD2d 537, 538, *lv denied* 94 NY2d 761). The remaining issues raised by petitioner have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.