■ In the Matter of JUAN LUNA, Petitioner, v DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [772 NYS2d 417]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Superintendent of Marcy Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Based upon an interview with an inmate who claimed to have been attacked by several other inmates, petitioner was issued a misbehavior report charging him with violating the prison disciplinary rule prohibiting fighting. At the conclusion of the tier II administrative hearing that followed, the Hearing Officer, relying upon the written misbehavior report, found petitioner guilty as charged. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination.

It is well settled that "hearsay misbehavior reports can constitute substantial evidence to support a determination of guilt so long as the evidence has sufficient relevance and probative value" (*Matter of Palacio v State of New York Dept. of Correctional Servs.*, 182 AD2d 900, 900-901 [1992]). And, as respondents correctly point out, "the author of a misbehavior report need not personally witness the misbehavior, provided he or she has investigated the incident and ascertained the facts . . . and . . . the report is properly endorsed and contains sufficient accurate information to allow [the] petitioner to prepare a defense" (*Matter of Russell v Selsky*, 283 AD2d 890, 891 [2001], *appeal dismissed, lv denied* 97 NY2d 668 [2001]). In our view, however, these standards have not been met here.

In *Matter of Rivera v Goord* (255 AD2d 995 [1998]), upon which respondents rely, the petitioner was accused in a misbehavior report of, inter alia, assault, following an incident wherein an inmate disclosed that he had been stabbed by three other inmates in a facility bathroom. There, however, the victim identified his attackers by bed numbers and nicknames and thereafter positively identified the petitioner from a photo array as one of his attackers. Here, a memorandum written the day of the incident indicates that the victim, Darnel Bonelli, did not know who attacked him, and Bonelli declined to testify at petitioner's administrative hearing. Similarly, in *Matter of Russell v Selsky (supra)*, also cited by respondents, the two correction officers who investigated the underlying incident testified in detail as to the circumstances leading to the filing of charges against the petitioner. Here, however, the correction officer who

authored the misbehavior report did not testify at petitioner's hearing. Thus, we are left with a three-sentence misbehavior report reciting nothing more than Bonelli's accusation that petitioner struck him in the back of the head—an assertion contradicted by other documentary evidence in the record and entirely unsupported by any testimonial evidence. Under such circumstances, the misbehavior report at issue does not constitute substantial evidence of petitioner's guilt. Accordingly, the determination is annulled.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Superintendent of Marcy Correctional Facility is directed to expunge all references to this matter from petitioner's institutional record.