■ In the Matter of SAMUEL WINBUSH, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [773 NYS2d 918]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Based on his alleged transmission of a sexually explicit letter to a female correction officer, petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting harassment. Following a tier III hearing, at which

testimony was offered by the correction officer who authored the misbehavior report and conducted the investigation and by the correction officer who received the letter, petitioner was found guilty. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

The misbehavior report, hearing testimony and additional confidential testimony provided by the investigating officer and an inmate informant, which the record reveals was independently assessed by the Hearing Officer for its reliability and credibility, constitute substantial evidence of petitioner's guilt; accordingly, the determination must be confirmed (*see Matter of Fernandez v Goord*, 304 AD2d 1005, 1005-1006 [2003]; *Matter of Handley v Selsky*, 282 AD2d 798, 799 [2001]). In this regard, the investigating officer testified that petitioner's peculiar typing style, observed from his correspondence, matched that reflected in the offending letter. Although another inmate's name is referenced in the letter, the Hearing Officer observed that it was incorrectly spelled. Additionally, the recipient of the letter testified that she did not know that inmate, while she had reprimanded petitioner for numerous instances of past misconduct. As the Hearing Officer correctly determined, the fact that the inmate referred to in the letter was originally charged and subsequently exonerated for his alleged participation in the incident is irrelevant to petitioner's own guilt or innocence; thus, the Hearing Officer's limiting of testimony and other evidence on this subject was proper (*see Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv dismissed and denied* 98 NY2d 642 [2002]).

We also reject petitioner's argument that the misbehavior report is insufficient because it was not written by the officer who received the letter, as the reporting officer properly ascertained the facts of the incident by interviewing the victim (*see* 7 NYCRR 251-3.1 [b]; *Matter of Henley v Goord*, 278 AD2d 687, 688 [2000]). Although the officer who received the letter failed to endorse the misbehavior report, we find this to be harmless error in light of the opportunity given petitioner to question this officer at the hearing and his failure to demonstrate resultant prejudice (*see Matter of Crawford v Girdich*, 301 AD2d 921, 922 [2003]; *Matter of Jiminez v Selsky*, 274 AD2d 704, 705 [2000]).

We have considered petitioner's remaining contentions and find them to be lacking in merit.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.