■ In the Matter of MICHAEL HOWARD, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [779 NYS2d 871]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During an investigation into the death of an inmate, investigators obtained several signed statements from inmates who observed petitioner and the deceased in a fight. One of the investigators authored a misbehavior report against petitioner, charging him with assault, fighting and failing to promptly report an injury to himself. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the assault charge was dismissed and the penalty reduced. Petitioner commenced this CPLR article 78 proceeding challenging the remaining charges.

Initially, we agree with petitioner, and respondent concedes, that the charge of failing to promptly report an injury is not supported by substantial evidence inasmuch as the evidence shows that petitioner suffered no injury. Accordingly, that portion of the determination must be annulled.

Substantial evidence, in the form of the misbehavior report and the testimony of the report's author and of an inmate who observed petitioner and the deceased fighting supports the remainder of the determination. We reject petitioner's argument that the misbehavior report was improper due to the author not witnessing the fight and relying on the signed statements of inmate witnesses. The author of the misbehavior report investigated and ascertained, through the witnesses' statements, that petitioner had been in the fight (see 7 NYCRR 251-3.1 [b]; Matter of Winbush v Goord, 6 AD3d 821 [2004];

*Matter of Russell v Selsky*, 283 AD2d 890 [2001], *appeal dismissed and lv denied* 97 NY2d 668 [2001]). In addition, "the report is properly endorsed and contains sufficient accurate information to allow petitioner to prepare a defense" (*Matter of Russell v Selsky, supra* at 891; *see Matter of Henley v Goord*, 278 AD2d 687, 688 [2000]). Petitioner's remaining assertions have been examined and found to be either unpreserved for our review or lacking in merit.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of failing to promptly report an injury; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.