■ In the Matter of WALTER BRANCH, Petitioner, v SUSAN A. CONNELL, as Superintendent of Oneida Correctional Facility, Respondent. [940 NYS2d 358]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections

and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with lewd conduct and, following a tier III disciplinary hearing, was found guilty of that charge. After the determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We reverse. Lewd conduct is defined in the standards of inmate behavior as "intentionally masturbating in the presence of an employee, or intentionally exposing the private parts of his or her body" (7 NYCRR 270.2 [B] [2] [iii]). Even crediting the testimony of the correction officer who observed petitioner, the behavior alleged could not be characterized as "masturbating." Moreover, the Attorney General's contention that petitioner was "exposing his genitals" is completely without foundation in the record. Accordingly, we find that the determination is not supported by substantial evidence (*see Matter of Haughey v LaValley*, 89 AD3d 1344, 1345 [2011]; *Matter of Tafari v Rock*, 85 AD3d 1529, 1530 [2011]). In light of our holding, petitioner's remaining contentions have been rendered academic.

Peters, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.