■ In the Matter of TONY KEMPSEY, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [950 NYS2d 804]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer observed petitioner addressing a group of

inmates regarding problems they were having with the count procedure and staff. Petitioner appeared to be attempting to solicit ideas on the manner in which the inmates wished to handle the situation. As a result, petitioner was charged in a misbehavior report with leading a demonstration. Following a tier III disciplinary hearing, he was found guilty of the charge and the determination was affirmed on administrative appeal.

Shortly after the preparation of the first misbehavior report, petitioner was being strip frisked and began striking his head against the wall as well as yelling at correction officers. Consequently, he was charged in a second misbehavior report with engaging in violent conduct, creating a disturbance and inflicting bodily harm on himself. Following another tier III hearing, he was found guilty of the former two charges, but not the last. This determination was also affirmed on administrative appeal. Thereafter, petitioner commenced the instant article 78 proceeding challenging both determinations.

Upon our review of the record of the first disciplinary hearing, we conclude that the determination finding petitioner guilty of leading a demonstration is not supported by substantial evidence. The disciplinary rule at issue states that "[a]n inmate shall not lead, organize, participate, or urge other inmates to participate, in a work-stoppage, sit-in, lock-in, or other actions which may be detrimental to the order of [the] facility" (7 NYCRR 270.2 [B] [5] [iii]). Here, petitioner was observed speaking to a group of inmates about problems with the count procedure and staff, and was heard saying "we have to decide what we are going to do." It was this statement that provided the basis for the determination of guilt. Because petitioner's statement, standing alone, does not constitute conduct proscribed by the disciplinary rule, we must annul the determination (see e.g. Matter of Branch v Connell, 93 AD3d 1008, 1009 [2012]).

The second disciplinary determination finding petitioner guilty of engaging in violent conduct and creating a disturbance is supported by substantial evidence in the form of the detailed misbehavior report and petitioner's admission that he engaged in disruptive conduct during an apparent panic attack (see Matter of Porter v Selsky, 67 AD3d 1151, 1151 [2009]; Matter of Johnson v Fischer, 67 AD3d 1138, 1139 [2009]). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Rose, J.P., Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination finding petitioner guilty of leading a demonstration is annulled, without costs, petition granted to that extent and respondent is directed to

expunge all references to this matter from petitioner's institutional record. Adjudged that the determination finding petitioner guilty of engaging in violent conduct and creating a disturbance is confirmed, without costs, and petition dismissed to that extent.