■ In the Matter of SIR JULES MURRAY, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [960 NYS2d 562]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer listened to an audiotape of a meeting of inmates who belonged to the Nation of Islam. On the tape, he heard petitioner making comments that he believed were threatening and designed to encourage other inmates to take adverse collective action against correction officials. As a result, petitioner was charged in a misbehavior report with conspiring to take over the correctional facility, engaging in violent conduct and organizing others to engage in conduct detrimental to the order of the facility. Following a tier III disciplinary hearing, he was found not guilty of the conspiracy charge, but guilty of the remaining charges and a penalty of, among other things, 24 months in the special housing unit was imposed. After this determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Based upon our review of the record, including the audiotape and transcript of the same, we conclude that the determination is not supported by substantial evidence. The disciplinary rule proscribing inmates from engaging in violent conduct states that "[a]n inmate shall not engage in any violent conduct or conduct involving the threat of violence either individually or in a group" (7 NYCRR 270.2 [B] [5] [ii]). Similarly, the disciplinary rule prohibiting inmates from engaging in demonstrations states that "[a]n inmate shall not lead, organize, participate, or urge other inmates to participate, in a work stoppage, sit-in, lock-in, or other actions which may be detrimental to the order of the facility" (7 NYCRR 270.2 [B] [5] [iii]). While the correction officer who prepared the misbehavior report was of the opinion that the comments made by petitioner during the meeting violated the aforementioned rules, neither the audiotape nor the transcript substantiates this conclusion. This evidence reveals that petitioner was agitated after incidents in which other Muslim inmates had allegedly been assaulted by correction officers. He indicated to the inmates at the meeting that they needed to act together to do something about it and specifically mentioned "starting a paper trail." Significantly, he did not advocate violent or disorderly action. Rather, petitioner seemed to suggest that the inmates collectively file complaints about these incidents with correction officials. In view of the

foregoing, we find that there was no violation of the subject disciplinary rules and the determination must be annulled (*see Matter of Kempsey v Fischer*, 98 AD3d 1155, 1156 [2012]). In view of our disposition, we need not address petitioner's remaining claim.

Lahtinen, J.P., Spain, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references thereto from petitioner's institutional record.