*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 31, 2014                    517304
_____

In the Matter of THOMAS ARCHIE,
                      Petitioner,

        v
                                           MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                      Respondent.
_____

Calendar Date:   June 9, 2014

Before:   Lahtinen, J.P., Stein, McCarthy, Lynch and Clark, JJ.

                    _____

        Thomas Archie, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner suffers from a mental health disorder for which
he has received treatment while in prison.  During a therapy
session with mental health staff, petitioner stated that he
thought about choking an Office of Mental Health psychiatrist and
wanted to wrap a wire around the neck of a physician who had
treated him.  As a result, he was charged in a misbehavior report
with making threats and engaging in conduct involving the threat
of violence.  Following a tier III disciplinary hearing, he was
found guilty of the charges and the determination was affirmed on
administrative appeal.  This CPLR article 78 proceeding ensued.

Upon reviewing the record, we conclude that substantial evidence does not support the determination of guilt.  Although petitioner undeniably made the statements at issue, the psychologist who prepared the misbehavior report testified that she was unable to determine if petitioner actually meant to harm the individuals in question or if he was speaking out of frustration.  It is undisputed that petitioner suffers from a mental health disorder and that his statements were made during a therapy session in which he was encouraged to express his feelings.  Significantly, there was no evidence presented that the statements made by petitioner were intended as "threats."  Accordingly, under the circumstances presented, we find that there was no violation of the disciplinary rules at issue and that the determination must be annulled (see generally Matter of Murray v Fischer, 104 AD3d 1007, 1008-1009 [2013]; Matter of Allen v Goord, 14 AD3d 961 [2005]; Matter of Brown v Selsky, 278 AD2d 779, 780 [2000]; compare Matter of Goncalves v Goord, 290 AD2d 610, 610-611 [2002]).

Lahtinen, J.P., Stein, McCarthy, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references thereto from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court