Matter of Bottom v Annucci (2018 NY Slip Op 03413)





Matter of Bottom v Annucci


2018 NY Slip Op 03413


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525600

[*1]In the Matter of ANTHONY BOTTOM, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: April 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Rumsey, JJ.


Kathy Manley, Selkirk, for petitioner.
Barbara D. Underwood, Acting Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was approved by the Department of Corrections and Community Supervision to act as the group facilitator of a class on African-American history that was presented to the African American Cultural Study Group at the correctional facility where he is housed. A correction officer watched a videotape of petitioner addressing a group of inmates during the class and heard him make references to, among other things, the Black Panther Party and "Damu," the Swahili word for blood that is also used to refer to the Bloods gang. As a result of his
statements, petitioner was charged in a misbehavior report with various prison disciplinary rule violations, including organizing a demonstration, engaging in gang-related activity and engaging in violent conduct. Following a tier III disciplinary hearing, he was found guilty of these charges and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Petitioner contends, among other things, that substantial evidence does not support the determination of guilt. Under the particular circumstances presented here, we agree. The facts providing the basis for the charges of which petitioner was found guilty are not in dispute. While [*2]discussing the history of the Black Panther Party and its apparent code of ethics, known as the "Eight Points of Attention," petitioner stated that the eighth point was "[i]f we ever have to take captives, do not ill treat them." Later in the class while critiquing another group, known as "Damu" or the Bloods gang, he stated, in relevant part, that "they could be the biggest army across this country if they were to organize themselves." Although the Hearing Officer dismissed two of the charges, he concluded that petitioner's statements regarding the Bloods gang constituted an attempt to organize gang members in violation of rule 105.13, which prohibits inmates from engaging in gang-related activity (see 7 NYCRR 270.2 [B] [6] [iv]). He further concluded that these statements, as well as those pertaining to the Black Panther Party taking captives, constituted a violation of rules 104.11 and 104.12 which, respectively, prohibit inmates from engaging in violent conduct and organizing a demonstration (see 7 NYCRR 270.2 [B] [5] [ii], [iii]).
A review of the videotape of the class clearly reveals that petitioner made the statements at issue while discussing African-American organizations from an historical, cultural and political perspective and that such statements were consistent with the approved subject matter of the class. At no point did petitioner advocate that the class participants, none of whom were revealed to be gang members, engage in violent behavior by actually taking hostages or that they organize by banding together to become members of the Bloods gang. Rather, the videotape discloses that petitioner engaged in a detailed discussion of various historical events during the 1½-hour class and recited facts regarding these organizations that he thought were relevant in an effort to engage the class participants. Viewing the statements in the proper context, the evidence does not establish that petitioner "engage[d] in any violent conduct or conduct involving the threat of violence either individually or in a group" (7 NYCRR 270.2 [B] [5] [ii]) or that he "l[ed], organize[d], participate[d], or urge[d] other inmates to participate, in a work-stoppage, sit-in, lock-in, or other actions which may be detrimental to the order of the facility" (7 NYCRR 270.2 [B] [5] [iii]; see Matter of Murray v Fischer, 104 AD3d 1007, 1008 [2013]; Matter of Kempsey v Fischer, 98 AD3d 1155, 1156 [2012]). Likewise, the evidence does not demonstrate that petitioner "engage[d] in or encourage[d] others in gang activities or meetings" (7 NYCRR 270.2 [B] [6] [iv]; see e.g. Matter of France v Bezio, 78 AD3d 1352, 1353 [2010]). Accordingly, inasmuch as the determination is not supported by substantial evidence, it must be annulled. In view of our disposition, we need not address petitioner's remaining claims.
McCarthy, J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.