Matter of Alvarado v Annucci (2024 NY Slip Op 01227)

Matter of Alvarado v Annucci

2024 NY Slip Op 01227

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-23-0043
[*1]In the Matter of Joseph Alvarado, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 9, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Joseph Alvarado, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with making threats against a fellow incarcerated individual. Following a tier II disciplinary hearing, petitioner was found guilty, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Petitioner contends, among other things, that the determination is not supported by substantial evidence. We agree. "[H]earsay misbehavior reports can constitute substantial evidence to support a determination of guilt so long as the evidence has sufficient relevance and probative value" (Matter of Luna v Department of Correctional Servs., 4 AD3d 713, 714 [3d Dept 2004] [internal quotation marks and citation omitted]). Here, the correction officer who authored the misbehavior report testified at the hearing that no investigation into the allegation was conducted, explaining that the matter was reported toward the end of his shift and, therefore, there was no time for any investigation. Although the correction officer testified that the incarcerated individual who accused petitioner of making threats was "pretty convincing," he offered no further basis or details as to why he found the report of the threat to be credible. Further, the incarcerated individual who made the allegations against petitioner, and who is identified in the misbehavior report, refused to testify at the hearing. As such, the only evidence to support the charge is the hearsay misbehavior report reciting nothing more than an unverified and uninvestigated accusation that petitioner threatened a fellow incarcerated individual.[FN1] Under these circumstances, the misbehavior report does not constitute substantial evidence of petitioner's guilt, and the determination must be annulled (see Matter of Carrasquillo v Rabsatt, 109 AD3d 1036, 1037 [3d Dept 2013]; Matter of Luna v Department of Correctional Servs., 4 AD3d at 714-715; Matter of Brown v Selsky, 278 AD2d 779, 780 [3d Dept 2000]; compare Matter of Russell v Selsky, 283 AD2d 890, 891 [3d Dept 2001], appeal dismissed & lv denied 97 NY2d 668 [2001]). In view of the foregoing, petitioner's remaining contentions are academic.
Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and the Superintendent of Shawangunk Correctional Facility is directed to expunge all references to this matter from petitioner's institutional record.

Footnotes

Footnote 1: Petitioner denied making any threats and, in fact, provided supporting testimony at the hearing from a correction officer on the gallery at the time of the alleged incident that it was petitioner who was threatened by the individual who made the instant allegations.